UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PETE V. LUNA,** *Plaintiff* | § § § | |
| **v.** | § § | **Case No. 1:22-CV-01004-RP-SH** |
| **COMMISSIONER OF SOCIAL SECURITY,** *Defendant* | § § § § | |

**ORDER**

Before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 1) and Complaint (Dkt. 1-1), both filed October 5, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff Peter V. Luna, who is represented by an attorney, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, the Court finds that Luna is indigent.

Accordingly, the Court hereby **GRANTS** Luna *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefore, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Luna is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at

the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   Frivolousness Review Under Section 1915(e)(2)

Because Luna has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Luna, who is a resident of Bastrop County, Texas, alleges that the Social Security Commissioner has reached an adverse decision against him, which has become final. Luna further alleges that he has exhausted all his administrative remedies. Luna seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

The Court finds that Luna's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.     Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) and **ORDERS** the Complaint (Dkt. 1-1) to be filed without prepayment of fees or costs or giving security therefore, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

**SIGNED** on October 11, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE